Jeffrey W. Johnson (#024435)
Sean Kealii Enos (#023634)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
kenos@IPlawUSA.com
jjohnson@IPlawUSA.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| 1445 Designs Corporation, Inc., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>3LS, Inc., a Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT SEEKING INJUNCTIVE AND MONETARY RELIEF FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 1445 Designs Corporation (hereinafter "1445 Designs") hereby complains against defendant 3LS, Inc. ("3LS"), and for its causes of action alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought by Plaintiff against Defendant 3LS for preliminary and permanent injunctive relief and monetary damages to remedy

inducement to infringe and direct infringement by Defendant 3LS of United States Patent Number 7,156,536 (hereinafter the "'536 Patent"). A true and correct copy of the '536 Patent is attached hereto as Exhibit A.

2. Plaintiff 1445 Designs is the assignee of all right, title and interest in the '536 Patent, which covers certain flashlight holders for helmets.

3. Defendant 3LS makes, uses, sells, offers for sale imports into the United States and/or exports at least one product that infringes the '536 Patent.

4. Accordingly, Plaintiff 1445 Designs seeks monetary and injunctive relief pursuant to its claims arising out of Defendant 3LS's willful and wrongful taking of, making, using, importing, selling and/or offering to sell in the Unites States Plaintiff 1445 Design's invention as claimed in the '536 Patent.

## PARTIES

5. Plaintiff 1445 Designs is an Arizona Corporation having its principal place of business at 3526 N. Rose Circle Drive, Scottsdale, AZ 85251.

6. Plaintiff 1445 Designs designs, markets, and sells lighting-related products throughout the Unites States.

7. Plaintiff 1445 Designs is the assignee of, and exclusive owner of, the patent rights on which the claims of relief asserted herein are based.

8. Defendant 3LS is a corporation organized and existing under the laws of North Carolina with its principal place of business 10020 Monroe Rd., Suite 170, PMB 174, Charlotte, NC 28270.

9. Defendant 3LS markets, uses, imports, sells and/or offers for sale flashlight holders.

10. Defendant 3LS is doing business in the United States and, more particularly, in the District of Arizona, by marketing, making, using, selling, importing, and/or offering for sale lighting and lighting-related products that infringe the patent claims involved in this action or by transacting other business in this District.

## JURISDICTION AND VENUE

11. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

12. Defendant 3LS regularly solicits business and maintains a persistent course of conduct by conducting business in the District of Arizona via its website www.gutsforlife.com.

13. Upon information and belief, Defendant 3LS also maintains an established distribution network for offering for sale, selling and shipping products into this District, including its products offered at www.thefirestore.com.

14. Upon information and belief, the marketing and sale of the accused devices sold by Defendant 3LS directly infringes and induces or contributes to the infringement of the '536 Patent.

15. Defendant 3LS's actions as described herein have caused and will continue to cause tortious injury to Plaintiff 1445 Designs, a resident of this State, and, if not enjoined, will permit Defendant 3LS to wrongfully derive substantial revenue from its activities within the State of Arizona and the District of Arizona.

16. Upon information and belief, Defendant 3LS derives revenue from activities within the State of Arizona and the District of Arizona, and has sold a number of products within or for delivery or distribution into this State and District.

17. This Court has personal jurisdiction over Defendant 3LS pursuant to the provisions of the Arizona's long arm statute, Rule 4.2, *Ariz. R. Civ. P.*, and the laws of the United States.

18. 3LS has established minimum contacts with the State of Arizona.

19. Defendant 3LS directly and/or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products or services that infringe one or more claims of Plaintiff 1445 Designs' patents in the District of Arizona.

20. Additionally, Defendant 3LS, directly and/or through its distribution networks, regularly places its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the District of Arizona.

21. Defendant 3LS has purposefully and voluntarily sold one or more of its products with the expectation that they will be purchased by consumers in the District of Arizona, and Defendant 3LS's products have been and continue to be purchased by consumers in the District of Arizona.

22. Defendant has committed acts of patent infringement within the State of Arizona and in the District of Arizona, and has purposefully availed itself of the benefits of the State of Arizona such that the exercise of jurisdiction over Defendant 3LS would not offend traditional notions of fair play and substantial justice.

23. The events giving rise to the claims herein, or a substantial portion thereof, occurred in this District. Furthermore, Defendant 3LS, a limited liability company, is subject to personal jurisdiction in this judicial district as detailed above. Therefore, venue is proper under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## U.S. Patent No. 7,156,536

24. Plaintiff 1445 Designs incorporates by reference the preceding paragraphs as if fully set forth herein.

25. On January 2, 2007, after full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued Letters Patent No. 7,156,536 (the "'536 Patent") entitled "FLASHLIGHT HOLDER FOR A HELMET" with Christopher McCorkle as the named inventor. A true and correct copy of the '536 Patent is attached hereto as Exhibit A.

26. On August 12, 2013, Christopher McCorkle assigned his entire right, title and interest in the '536 Patent to Plaintiff 1445 Designs, including the right to damages for past, present and future infringement of the '536 Patent, and recorded the same with the U.S. Patent and Trademark Office on August 13, 2013.

27. Plaintiff 1445 Designs has not assigned or otherwise transferred its rights to the '536 patent, and Plaintiff 1445 Designs remains the owner of all the rights, title and interest in the '536 Patent, giving Plaintiff 1445 Designs all rights of recovery under the '536 Patent, including the right to recover damages for past infringement.

28. The '536 Patent is valid and enforceable.

29. Plaintiff sells lighting-related products that embody the limitations of one of more claims of the '536 Patent. A photograph of an exemplary product sold by Plaintiff is attached hereto as Exhibit B.

### INFRINGER and Its Accused Devices

30. Upon information and belief, at least one device made, imported or offered for sale by Defendant 3LS infringes the '536 Patent (hereinafter referred to as the "ACCUSED INFRINGING DEVICE").

31. The at least one ACCUSED INFRINGING DEVICE is being marketed and sold on 3LS's website www.gutsforlife.com at the specific URL http://www.gutsforlife.com/#!hm1/c1yc2, a printout of which is attached as Exhibit C.

32. The at least one ACCUSED INFRINGING DEVICE is identified as GUTS HM1 in the attached Exhibit C.

33. Defendant 3LS has neither entered into a license agreement with Plaintiff 1445 Designs, nor ceased its infringement of the '536 Patent.

34. On or about July 7, 2014, Plaintiff 1445 sent a letter to Defendant 3LS regarding the '536 Patent and Defendant 3LS's product.

35. Defendant's ACCUSED INFRINGING DEVICE competes directly with Plaintiff's products sold under the '536 Patent.

### FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,156,536)
### [35 U.S.C. § 271(a)]

36. Plaintiff 1445 Designs incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

37. Upon information and belief, Defendant 3LS has been and is now directly infringing the '536 Patent by making, using, selling, offering for sale, importing into the United States and/or exporting its products that practice or embody one or more claims

of the '536 Patent. Defendant 3LSS's products practice at least claims 1, 2, 5 and 6 of the '536 Patent.

38. Upon information and belief, Defendant 3LS is making, using, importing, selling, or offering to sell in the United States the ACCUSED INFRINGING DEVICE identified in Exhibit C, which ACCUSED INFRINGING DEVICE infringes one or more claims of the '536 Patent.

39. Upon information and belief, Defendant's ACCUSED INFRINGING DEVICE infringes at least claims 1, 2, 5 and 6 of the '536 Patent.

40. Upon information and belief, at least as early as July 17, 2014, and prior to making, using, importing, selling, or offering to sell in the United States the ACCUSED INFRINGING DEVICE, Defendant 3LS was aware of the '536 Patent.

41. On information and belief, Defendant 3LS had notice of Plaintiff's rights under the '536 Patent, yet willfully and intentionally commenced and has continued infringement of the '536 Patent.

42. Defendant 3LS's acts of direct infringement are willful, wanton, and deliberate, without license, and with full knowledge and awareness of the '536 Patent.

43. As a result of Defendant 3LS's acts of infringement, Plaintiff 1445 Designs will suffer irreparable harm, and will continue to suffer irreparable harm until and unless Defendant 3LS's infringing activities are enjoined for the duration of this action and thereafter.

44. Harm to Plaintiff 1445 Designs within this judicial district and elsewhere in the United States resulting from the acts of direct infringement of the '536 Patent by Defendant 3LS as set forth above is irreparable, continuing, and not fully compensable by money damages alone.

45.     On information and belief, Defendant 3LS has profited and will continue to profit by its wrongful activities.

46.     Plaintiff 1445 Designs has been be damaged by Defendant 3LS's infringing activities and will continue to be damaged by these activities if Defendant 3LS is not enjoined.

47.     The amount of monetary damages which Plaintiff 1445 Designs has suffered by the acts of Defendant 3LS as set forth above cannot be determined without an accounting.

## SECOND CLAIM FOR RELIEF
### (Inducing Infringement of U.S. Patent No. 7,156,536)
### [35 U.S.C. § 271(b)]

48.     Plaintiff 1445 Designs incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

49.     Defendant 3LS indirectly infringes the '536 Patent by inducement of infringement in accordance with 35 U.S.C. § 271(b). Defendant 3LS provides products, including the ACCUSED INFRINGING DEVICE, to companies and/or end-user customers in the United States who, in turn, install and use Defendant 3LS's products. Accordingly, Defendant 3LS indirectly infringes because Defendant 3LS has been and is now actively inducing others, such as end-users of Defendant 3LS's products, to directly infringe one or more claims of the '536 Patent.

50.     In manufacturing, importing, marketing selling and/or offering for sale the ACCUSED INFRINGING DEVICE within the United States, including within the State of Arizona, Defendant 3LS is inducing customers and consumers who purchase or otherwise procure or use the ACCUSED INFRINGING DEVICE to infringe the '536 Patent.

51. On information and belief, Defendant 3LS reasonably knows that the manufacturing, importing, marketing, selling and/or offering for sale of the ACCUSED INFRINGING DEVICE will induce customers and consumers into infringing the '536 Patent.

52. On information and belief, Defendant 3LS's acts of inducing infringement of the '536 Patent, as outlined above, are willful, wanton, and deliberate, without license, and with full knowledge and awareness of the '536 Patent. As a result, Plaintiff 1445 Designs is suffering irreparable harm and this irreparable harm will continue until and unless Defendant 3LS's infringing activities are enjoined for the duration of this action and thereafter.

53. Harm to Plaintiff 1445 Designs within this judicial district and elsewhere in the United States resulting from the acts of inducement to infringe the '536 Patent by Defendant 3LS, as set forth above, is irreparable, continuing, and not fully compensable by money damages alone.

54. On information and belief, Defendant 3LS has profited and will continue to profit by its wrongful activities.

55. Plaintiff 1445 Designs has been and will be damaged by Defendant 3LS's infringing activities. The amount of monetary damages that Plaintiff 1445 Designs has suffered by the acts of Defendant 3LS, as set forth above, cannot be determined without an accounting.

## SUMMARY

56. Plaintiff 1445 Designs incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

57. Defendant 3LS has infringed and/or continues to infringe one or more claims of the '536 Patent as set forth above. Defendant 3LS is liable for direct infringement, as well as indirect infringement by way of inducement, for the '536 Patent pursuant to 35 U.S.C. § 271 (a) and (b) as set forth above.

58. Defendant 3LS's acts of infringement have caused damage to Plaintiff 1445 Designs.

59. Plaintiff 1445 Designs is entitled to recover from Defendant 3LS the damages sustained by Plaintiff 1445 Designs as a result of Defendant 3LS's wrongful acts in an amount subject to proof at trial.

60. In addition, Plaintiff 1445 Designs has been irreparably harmed by Defendant 3LS's acts of infringement of the '536 Patent, and will continue to be harmed unless and until Defendant 3LS's acts of infringement are enjoined by this Court.

61. Defendant 3LS's infringement of Plaintiff 1445 Designs' rights under the '536 Patent will continue to damage Plaintiff 1445 Designs' business, causing irreparable injury and damage, for which there is no adequate remedy of law, unless restrained and enjoined by this Court.

62. The hardships that would be imposed upon Defendant 3LS by an injunction are less than those faced by Plaintiff 1445 Designs should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

63. Defendant 3LS's infringement of the '536 Patent is willful and deliberate, entitling Plaintiff 1445 Designs to enhanced damages and to attorneys' fees incurred in prosecuting this action.

## DEMAND FOR JURY TRIAL

64. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff 1445 Designs hereby demands a trial by jury for all issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff 1445 Designs demands judgment against Defendant 3LS as follows:

1. A judgment that Defendant 3LS has directly and/or indirectly infringed by way of inducement, the '536 Patent;

2. A judgment and order that Defendant 3LS, and any of its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors and assigns, and those persons acting in concert, participation, privity, on behalf of, in joint venture, or in partnership with Defendant 3LS, be enjoined preliminarily, and then permanently, from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '536 Patent, or otherwise infringing, inducing to infringe, or contributing to the infringement of the '536 Patent;

3. That the Court order an accounting for damages, including Defendant 3LS's profits resulting from Defendant 3LS's acts of infringement, through verdict and thereafter until Defendant 3LS is enjoined from further infringing activities;

4. A judgment and order that Plaintiff 1445 Designs be awarded damages adequate to compensate for the infringement under 35 U.S.C. § 284, including Defendant 3LS's profits resulting from Defendant 3LS's acts of infringement, Plaintiff's lost profits and/or a reasonable royalty, and including supplemental damages for any continuing post-verdict infringement until Defendant 3LS is enjoined from further infringing activities;

5. A judgment and order requiring Defendant 3LS to pay Plaintiff 1445 Designs pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '536 Patent by Defendant 3LS to the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

6. A judgment and order finding that Defendant 3LS's infringement is willful and deliberate, entitling Plaintiff 1445 Designs to treble damages pursuant to 35 U.S.C. § 284;

7. A judgment and order finding this to be an exceptional case and requiring Defendant 3LS to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

8. In the event an injunction is not awarded, a compulsory ongoing royalty; and

9. That Plaintiff 1445 Designs be awarded such other and further relief as the Court deems just and equitable.

DATED this 7th day of October, 2014.

SCHMEISER, OLSEN & WATTS LLP

By:

*/s/Jeffrey W. Johnson*

Jeffrey W. Johnson
Sean K. Enos
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Attorneys for Plaintiff

## VERIFICATION OF THE COMPLAINT

I, Christopher McCorkle, am the owner of 1445 Designs Corporation, and have personal knowledge of the matters set forth in the Complaint, and I verify that I have read the foregoing Complaint and the allegations and statements therein. I further verify that the allegations and statements are true to the best of our knowledge, except as to those matters stated upon information and belief and, as to those, I believe them to be true.

DATED this 7 day of October, 2014.

*[signature]*

Christopher McCorkle, President – 1445 Designs Corporation